THE UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

YONKERS RACING CORPORATION,
a New York corporation,

                            Plaintiff,

            - vs. -

ARCH INSURANCE COMPANY, a Missouri
Corporation,

                        Defendant.

-------------------------------------------------------- x

Case No. 07 CV 2709

ECF Case



FILED
JUL - 3 2007
USDC SDNY

07 CIV. 6200

JUDGE CONNER

## COMPLAINT

Plaintiff Yonkers Racing Corporation ("Yonkers"), for its complaint against Arch

Insurance Company ("Arch"), states as follows:

### I.  Nature of Claim

1.  Yonkers seeks declaration of its rights and obligations under a commercial general

liability policy issued by Arch.  As described in detail herein, Arch wrongfully refuses to cover

and defend Yonkers in a personal liability lawsuit emanating out of an accident on the property

for which Arch provides coverage.

### II.  Parties

2.  Plaintiff Yonkers is incorporated under the laws of the State of New York with its

principal place of business in Yonkers, New York.

3.  Defendant Arch Insurance Company is incorporated under the laws of the State of

Missouri with its principal place of business in Kansas City, Missouri.

### III.  Jurisdiction and Venue

4.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 based on diversity jurisdiction insofar as it involves citizens of different States and the amount in controversy exceeds $75,000 as set forth herein.

5.    Venue is appropriate in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Yonkers' claims occurred in this District.

### IV.  Substantive Factual Allegations

**A.  The Policy**

6.    Arch issued to Tishman Construction Corporation of New York ("Tishman") a Commercial General Liability Policy, bearing Policy No. 11GPP2056800, for the policy period from September 9, 2005 to March 9, 2007 (the "Policy").  The Policy has an aggregate limit of liability of $4 million.  A true and correct copy of the Policy is attached hereto as Exhibit 1.

7.    Yonkers is a "Named Insured" under the Policy.  Specifically, the Named Insured Endorsement provides that "[i]t is hereby agreed that Item 1. of the Declarations is amended to include the following entities as a Named Insured: . . . Yonkers Racing Corporation. . ."

8.    Paragraph 1(a) of Section I of the Policy provides that Arch "will pay those sums that [Yonkers] becomes legally obligated to pay as damages because of 'bodily injury' or property damage' to which this insurance applies.  **[Arch] has the right and duty to defend [Yonkers] against any 'suit' seeking those damages.**"  (emphasis added)

9.    Paragraph 3 of Section V of the Policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

10. Paragraph 18 of Section V of the Policy defines "suit" as "a civil proceeding in which

2

damages because of 'bodily injury', 'property damage', or 'personal and advertising injury' to which this insurance applies are alleged."

11. The Limitation of Coverage to Designated Premises or Project Endorsement (the "Premises Limitation Endorsement") states as follows:

Schedule

**Premises:**
THE EMPIRE CITY CASINO AT YONKERS RACEWAY, TISHMAN PROJECT NUMBER C-0199, LOCATED AT 810 CENTRAL AVENUE, YONKERS, NEW YORK, 10704; AS FURTHER DEFINED BY THE SITE PLAN MAP ON FILE WITH THE COMPANY
* * *
This insurance applies only to "bodily injury" . . . arising out of:
 1. The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or
 2. The project shown in the Schedule.

12. Accordingly, the Policy provides a defense and indemnity to Yonkers for suits alleging bodily injury arising out of the Empire Casino project.

## B. The DeGaeta Lawsuit

13. On February 17, 2007, Mary DeGaeta injured herself when she tripped over a construction fence footing at Empire Casino.

14. On March 26, 2007, Mary DeGaeta filed a bodily injury lawsuit in the Supreme Court of New York against Yonkers and Tishman, styled *Mary DeGaeta v. Yonkers Racing Corp., et al.,* Case No. 104533/07 (the "DeGaeta Lawsuit"). A true and correct copy of the DeGaeta Lawsuit is attached hereto as Exhibit 2.

15. The DeGaeta Lawsuit alleges, in pertinent part, as follows:

 5.    Upon information and belief, at all the times hereinafter mentioned, the defendant Yonkers owned a certain business known as Yonkers Raceway Empire Casino located at 810 Yonkers Avenue, in the City of Yonkers, County of Westchester and State of New York hereinafter referred to as "the casino."
 * * *
 16.    That at all times hereinafter mentioned, Defendant TISHMAN CONSTRUCTION CORPORATION OF NEW YORK managed the construction and/or renovation work at the aforementioned premises.

3

17.     That at all times hereinafter mentioned, Defendant TISHMAN
CONSTRUCTION CORPORATION OF NEW YORK supervised the
construction and/or renovation work at the aforementioned premises.
                              * * *
19.     That on the 17th day of February, 2007 at approximately 7:00
P.M. while the plaintiff Mary DeGaeta was in the act walking within "the
casino", she was caused to trip and fall due to a dangerous condition located
thereat.

20.     That as a result of the foregoing occurrence, the plaintiff Mary
DeGaeta was caused to sustain serious, severe and permanent injuries.

16. Thus, the DeGaeta Lawsuit seeks damages, *inter alia*, for Mary DeGaeta's **bodily**

**injury** arising out of her accident at the Empire Casino, specifically as the result of an allegedly

dangerous condition related to the construction project at the Empire Casino.

## C. Yonkers Request for Coverage and a Defense

17. On May 8, 2007, shortly after receipt of the DeGaeta Lawsuit and approximately 30

days before any responsive pleading was filed, Yonkers contacted Arch and requested coverage

and a defense in the litigation.

18. On June 5, 2007, after Arch failed to provide counsel to defend Yonkers in the

DeGaeta Lawsuit, Yonkers filed a verified answer in the litigation, denying all substantive

allegations and asserting various affirmative defenses.

19. By letter dated June 7, 2007, Arch denied coverage for the DeGaeta Lawsuit and

refused to defend Yonkers in the DeGaeta Lawsuit (the "Denial Letter").   A true and correct

copy of the Denial Letter is attached hereto as Exhibit 3.

20. Arch based its denial of coverage on (1) late notice and (2) its **belief** – which the

complaint in DeGaeta Lawsuit directly contradicts – that Ms. DeGaeta's injuries did not occur as

a result of the Tishman project at the Empire City Casino at Yonkers Raceway but rather as a

result of on-going casino operations of Yonkers.  The facts and allegations in the DeGaeta

Lawsuit support neither of these bases.

21. Notice was not late as Yonkers provided notice upon a determination that the accident arose out of the Tishman Construction Project at the Empire City Casino.

22. Moreover, paragraphs 5 and 16-20 of the DeGaeta Lawsuit make clear that Ms. DeGaeta is alleging that her injury was caused by a dangerous condition as a result of the construction project at Empire Casino.

## COUNT I
## DECLARATORY JUDGMENT -- DEFENSE

23. Yonkers repeats and realleges each and every allegation contained in paragraphs 1 through 22 above, as set forth fully herein.

24. Arch must provide Yonkers a defense for the DeGaeta Lawsuit if any allegations in the complaint bring the claim even potentially within coverage.

25. Paragraphs 5 and 16-20 of the DeGaeta Lawsuit implicate coverage under the Policy.

26. Despite Arch's clear duty to defend Yonkers, it refused to do so and forced Yonkers to retain counsel to defend itself.

WHEREFORE, Yonkers respectfully requests that this Court enter an Order that:

(1) Arch must provide Yonkers an on-going defense for the DeGaeta Lawsuit, utilizing Yonkers' current counsel in the DeGaeta Lawsuit;

(2) Arch must reimburse Yonkers for all costs and expenses incurred in defending the DeGaeta Lawsuit through the date that Arch takes over the defense;

(3) Provides Yonkers such other and further relief as this Court deems just and equitable.

## COUNT II
## DECLARATORY JUDGMENT – INDEMNITY

27. Yonkers repeats and realleges each and every allegation contained in paragraphs 1

through 22 above, as set forth fully herein.

28. The DeGaeta Lawsuit makes a bodily injury claim against Yonkers that falls within the scope of coverage of the Policy.

29. Arch wrongfully denied its obligation under the Policy to cover Yonkers for the DeGaeta Lawsuit.

WHEREFORE, Yonkers respectfully requests that this Court enter an Order that:

(1) The Policy covers any and all of Yonkers' liability in connection with DeGaeta Lawsuit; and

(2) Provides Yonkers such other and further relief as this Court deems just and equitable.

## JURY DEMAND

30. Plaintiff demands a trial by jury.

DATED:  June 29, 2007

Respectfully submitted,

YONKERS RACING CORPORATION

By:    _____
One of its attorneys

Stephen J. Rosenfeld
Keith E. Allen
**MANDELL MENKES LLC**
333 West Wacker Drive, Suite 300
Chicago, Illinois  60606
(312) 251-1000

312 and   -

Vincent Crowe
Daniel W. Morrison
**BLEAKLEY PLATT & SCHMIDT**
One North Lexington Avenue
White Plains, New York 10601
(914) 287 6147