Comp-1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------x
MARY DEGAETA,

             Plaintiff,

    - against -

YONKERS RACING CORPORATION and TISHMAN
CONSTRUCTION CORPORATION OF NEW YORK,

             Defendants.
-----------------------------------------------------------x

Index No.: 104533/07

Plaintiff designates
NEW YORK County
as the place of trial
The basis of venue is
defendant's place of
business

received
4/24/07
@ 12:16 pm

Plaintiff MARY DEGAETA resides at
303 Jefferson Street
Hoboken, New Jersey 07003
COUNTY OF HUDSON

To the above named Defendants:

    You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
        March 27, 2007

Defendants Address:

YONKERS RACING CORPORATION
810 Yonkers Avenue
Yonkers, New York 10703

TISHMAN CONSTRUCTION CORPORATION OF
NEW YORK
666 5th Avenue
New York, New York 10103

Notice: The nature of this action is Negligence

The relief sought is personal injuries

HARNICK & HARNICK, ESQS.
Attorneys for Plaintiff
305 Broadway, Suite 602
New York, New York 10007
(212) 962-5065

Upon your failure to appear, judgment will be taken against you by default for the sum which exceeds the jurisdictional limits with interest from March 27, 2007 and the costs of this action.

NEW YORK
COUNTY CLERK'S OFFICE
APR 04 2007
NOT COMPARED
WITH COPY FILED

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
MARY DEGAETA,

                 Plaintiff,

        -against-

YONKERS RACING CORPORATION and TISHMAN
CONSTRUCTION CORPORATION OF NEW YORK

                 Defendants.
-----------------------------------------------------------------X

Index No.: 104533/07

**VERIFIED COMPLAINT**

Plaintiff, complaining of the defendants, by HARNICK AND HARNICK, her attorneys, alleges upon information and belief:

**FIRST**: That at all the times hereinafter mentioned, the defendant Yonkers Racing Corporation hereinafter referred to as Yonkers was a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

**SECOND**: That at all the times hereinafter mentioned, the defendant Yonkers was a foreign corporation, duly organized and existing under and by virtue of the laws of a foreign State.

**THIRD**: That at all the times hereinafter mentioned, the defendant Yonkers was a foreign corporation, licensed to do and/or transact business within the State of New York.

**FOURTH**: That at all the times hereinafter mentioned, the defendant Yonkers was and is a business entity conducting business in the City of Yonkers, County of Westchester and State of New York.

FIFTH: Upon information and belief, at all the times hereinafter mentioned, the defendant Yonkers owned a certain business known as Yonkers Raceway Empire Casino located at 810 Yonkers Avenue, in the City of Yonkers, County of Westchester and State of New York, hereinafter referred to as "the casino".

SIXTH: Upon information and belief, at all the times hereinafter mentioned, the defendant Yonkers leased, rented and/or owned "the casino".

SEVENTH: Upon information and belief, at all the times hereinafter mentioned, the defendant Yonkers its agents, servants and/or employees operated, maintained, managed and controlled "the casino.

EIGHTH: At all the times hereinafter mentioned, the defendant, Tishman Construction Corporation of New York(hereinafter referred to as "Tishmann) is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

NINTH: At all the times hereinafter mentioned, the defendant, Tishman was a foreign corporation, duly organized and existing under and by virtue of the laws of a foreign State.

TENTH: At all the times hereinafter mentioned, the defendant, Tishman was a foreign corporation, licensed to do and/or transact business within the State of New York.

ELEVENTH: At all the times hereinafter mentioned, the defendant, Tishman was and is a business entity conducting business in the County, City and State of New York.

2

TWELFTH: That at all times hereinafter mentioned, Defendant TISHMAN CONSTRUCTION CORPORATION OF NEW YORK was hired by Defendant Yonkers Racing Corporation pursuant to written contract to perform work at the aforementioned premises.

THIRTEENTH: That at all times hereinafter mentioned, Defendant TISHMAN CONSTRUCTION CORPORATION OF NEW YORK was hired by Defendant Yonkers Racing Corporation pursuant to oral agreement to perform work at the aforementioned premises.

FOURTEENTH: That at all times hereinafter mentioned, Defendant Yonkers Racing Corporation managed the construction and/or renovation work at the aforementioned premises.

FIFTEENTH: That at all times hereinafter mentioned, Defendant Yonkers Racing Corporation supervised the construction and/or renovation work at the aforementioned premises.

SIXTEENTH: That at all times hereinafter mentioned, Defendant TISHMAN CONSTRUCTION CORPORATION OF NEW YORK managed the construction and/or renovation work at the aforementioned premises.

SEVENTEENTH: That at all times hereinafter mentioned, Defendant TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, supervised the construction and/or renovation work at the aforementioned premises.

EIGHTEENTH: That at all times hereinafter mentioned, Defendant TISHMAN CONSTRUCTION CORPORATION OF NEW YORK had a duty to individuals lawfully upon the premises to reasonably ensure that the work area including the casino were safe so as to allow individuals traversing the casino to do so safely including the plaintiff herein.

NINETEENTH: That on the 17th day of February, 2007 at approximately 7:00 P.M. while the plaintiff Mary DeGaeta was in the act walking within "the casino", she was caused to trip and fall due to a dangerous condition located thereat.

**TWENTIETH**: That as a result of the foregoing occurrence, the plaintiff Mary DeGaeta was caused to sustain serious, severe and permanent injuries.

**TWENTY-FIRST**: That the injuries sustained by the plaintiff Mary DeGaeta were so sustained by reason of the carelessness and negligence of the defendants, its agents, servants and/or employees, all without any negligence on the part of this plaintiff in any wise contributing thereto.

**TWENTY-SECOND**: Plaintiff claims actual and/or constructive notice.

**TWENTY-THIRD**: That by reason of the foregoing occurrence, the plaintiff, Mary DeGaeta has sustained serious, severe and permanent injuries; was compelled to obtain hospital and medical care, aid and attention; was confined to her bed and home, unable to attend to her duties; her earning capacity was and will be impaired; she sustained other and further expenses, all to her damage in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, the plaintiff demands judgment against the defendants in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction pursuant to CPLR 3017, and together with the costs and disbursements of this action.

Dated: New York, New York
    March 26, 2007

4

Yours, etc.,

HARNICK & HARNICK, ESQS.

ROBERT HARNICK
Attorneys for Plaintiffs
305 Broadway, Ste. 305
New York, N.Y. 10007
(212) 962-5065

# VERIFICATION

STATE OF NEW YORK    )
COUNTY OF NEW YORK )ss:

The undersigned, ROBERT HARNICK, an attorney admitted to practice in the Courts of New York State, shows:

That he is an associate in the law firm of HARNICK AND HARNICK, ESQS., attorneys of record for the plaintiff and personally in charge of the within action: that he has read the foregoing SUMMONS AND VERIFIED COMPLAINT and knows the contents thereof; that the same is true to his own knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters, he believes the same to be true.

The grounds of deponent's belief as to all matters not stated upon his knowledge are as follows: investigations which he has caused to be made concerning the subject matter of this action, and statements of witnesses made herein.

Deponent further says that the reason this verification is made by deponent and not by the plaintiffs is that the plaintiff does not reside within the county where your deponent has his offices.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury:

Dated: New York, New York
       March 26, 2007

_____
ROBERT HARNICK